**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOSUE JOSEPH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IGN ENTERTAINMENT, INC.,<br><br>Defendant. | Case No. 1:24-cv-11579-MJJ<br><br>Hon. Myong J. Joun |

**DECLARATION OF MAX S. ROBERTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

I, Max S. Roberts, hereby declare as follows:

1. I am an associate at Bursor & Fisher, P.A., counsel for Plaintiff in this action. I am an attorney at law licensed to practice in the State of New York and am admitted *pro hac vice* in this matter. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. I make this declaration in support of Plaintiff's Opposition to Defendant's Motion to Dismiss the First Amended Complaint.

3. Defendant contends "Plaintiff cites https://piano.io/de in paragraph 41 [of the FAC], but the link provided in the citation does not open a corresponding webpage." MTD at 14 n.7. This webpage was publicly available at the time Plaintiff filed the original Complaint; Piano has simply changed its website since that date. Attached hereto as **Exhibit 1** is a true and correct copy of the webpage "https://piano.io/de" as it was displayed on June 1, 2024 (*i.e.*, two weeks prior to the filing of the original Complaint). I pulled this webpage from the Wayback Machine

on January 14, 2025. The URL to view this webpage on the Wayback Machine is https://web.archive.org/web/20240601025403/https://piano.io/de/.[1]

4. Defendant contends "Plaintiff cites https://piano.io/media/Piano_Press-release.pdf in paragraph 42, but the link provided opens to Piano's homepage, not the alleged article cited." MTD at 14 n.7. Defendant also takes issue with the same citation in paragraph 46, noting "the link provided does not open a corresponding webpage." *Id*. Again, this press release was available at the time Plaintiff filed the original Complaint, and is still viewable at https://web.archive.org/web/20230606132838/https://piano.io/media/Piano_Press_release.pdf. Attached hereto as **Exhibit 2**, is a true and correct copy of this press release as it was visible on June 3, 2023, which I pulled from the Wayback Machine on January 3, 2025.[2]

5. Defendant contends "Plaintiff cites to https://piano.io/product/dmp/ in paragraph 45, but the citation links to https://www.piano.io/product/audience, and the quote in paragraph 45 appears nowhere on the linked webpage." MTD at 14 n.7. At the time the original Complaint was filed, the URL was for the correct webpage. *See* https://web.archive.org/web/20240612134952/https://piano.io/product/dmp/. Since that filing, however, Piano has updated its website, and that URL now redirects users to https://www.piano.io/product/audience. However, the quotation cited at FAC ¶ 45 is still publicly available on Piano's current website at https://piano.io/**de/**product/dmp/ (emphasis added). Attached hereto as **Exhibit 3** is a true and correct copy of that webpage, which I accessed at the aforementioned URL on January 3, 2025.

[1] Webpages pulled from the Wayback Machine are subject to judicial notice. *See Walsh v. Teltech Sys. Inc*., 2015 WL 12856456, at *1 n.2 (D. Mass. July 30, 2015), *aff'd*, 821 F.3d 155 (1st Cir. 2016) (taking judicial notice of the content of certain archived Wayback Machine webpages "as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" and listing cases where the same was followed).

[2] The same press release is also publicly available without use of the Wayback Machine at https://www.businesswire.com/news/home/20150811005722/en/Piano-Media-and-Tinypass-Merge.

6. Finally, Defendant contends "some of Plaintiff's alleged 'quotations' of Piano's website completely lack a corresponding citation." MTD at 14 n.7 (citing FAC ¶ 52). In this paragraph, Plaintiff alleges that "every day Piano DMP automatically exports segments to various platforms (e.g., SSP and DSP), data providers and social networks. Among such importers are ad servers where DMP segments are used to target marketing campaigns." FAC ¶ 52 (cleaned up). While the FAC does inadvertently omit the citation for this quotation, the quotation comes from https://docs.piano.io/audience-segments-used-for-targeting/. Attached hereto as **Exhibit 4** is a true and correct copy of that webpage, which I accessed on January 3, 2025 at the aforementioned URL. Defendant cites no other example of a quotation in the FAC that "lack[s] a corresponding citation."

7. All counsel of record in this case—Yitzchak Kopel, Victoria X. Zhou, James J. Reardon, and I—are also counsel of record in *Saunders* [now *Therrien*] *v. Hearst Television, Inc.*, Case No. 1:23-cv-10998 (D. Mass.), which both parties cite in their briefing. Users are *not* required to provide their e-mail address or geolocation to use the apps at issue in *Therrien*. Indeed, the defendant explicitly made that argument in its motion to dismiss. *Therrien*, ECF No. 26 at 5 (D. Mass. Sept. 12, 2023) ("Saunders alleges she provided an email address to WCVB … but does not allege she was required to do so to access video content on the app.").

I declare under penalty of perjury and the laws of the State of New York and the Commonwealth of Massachusetts that the foregoing is true and correct. Executed on January 14, 2025 in New York, New York.

Max S. Roberts

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2025, I electronically filed the foregoing document with the Court's CM/ECF system, which will provide e-mail notice to all counsel of record.

By: */s/ Max S. Roberts*
Max S. Roberts