**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOSUE JOSEPH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IGN ENTERTAINMENT, INC.<br><br>Defendant. | Case No. 1:24-cv-11579-MJJ |

**DEFENDANT IGN ENTERTAINMENT, INC.'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant IGN Entertainment, Inc. ("IGN") respectfully submits this Response to Plaintiff Josue Joseph's ("Plaintiff") Notice of Supplemental Authority regarding the pending Motion to Dismiss ("MTD") the First Amended Complaint ("FAC"), ECF No. 41, attaching a decision from an out-of-circuit case involving irrelevant allegations, *Lee v. Springer Nature Am., Inc.*, 1:24-cv-4493 (S.D.N.Y. Mar. 4, 2025) ("Suppl. Auth."). The *Lee* Order is irrelevant here for a number of reasons. *First*, the *Lee* court found plaintiff had Article III standing because he sufficiently alleged that "Meta used [his] personally information, without authorization, for *its own commercial benefit*," contributing to "billions of dollars of advertising revenue earned by Meta." Suppl. Auth. at 15 (emphasis added). By contrast, the *lack* of allegations here supporting an inference that Piano used Plaintiff's PII for its own commercial benefit not only distinguishes this case from *Lee*, but also *Salazar v. National Basketball Ass'n*, 118 F.4h 533 (2d Cir. 2024), on which *Lee* relies. *Second*, the *Lee* court found that *Salazar* "foreclosed" defendant's argument that the plaintiff's subscription must have a nexus to video content, but *Salazar* is non-binding here. In any event, in finding plaintiff's allegations that he was a subscriber sufficient, the *Lee* court relied in part on

plaintiff's allegation that during the class period "users were required to become subscribers in order to watch more than three videos on the [w]ebsite," whereas here it is undisputed that IGN offers the same video content with or without an account. Supp. Auth. at 20. *Third*, *Lee* involved a completely different technology, the Meta Pixel, which collected and disclosed "Facebook IDs," which "is a string of numbers and letters that uniquely identifies the subscriber's Facebook profile." Supp. Auth. at 29. In sum, *Lee* is inapposite to this case and the issues raised in IGN's MTD.

Dated: March 6, 2025

Respectfully submitted,

/s/ *Roy W. Bjorlin*
Roy W. Bjorlin (BBO #666319)
WILSON ELSER
260 Franklin Street, 14th Floor
Boston, MA 02110
Telephone: (617) 422-5300
roy.bjorlin@wilsonelser.com

/s/ *Sean M. Sullivan*
Sean M. Sullivan (SBN # 229104) (*Pro Hac Vice*)
Katelyn A. Feliciano (SBN # 350385) (*Pro Hac Vice)*
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
seansullivan@dwt.com
katelynfeliciano@dwt.com

*Attorneys for Defendant IGN Entertainment, Inc.*

**CERTIFICATE OF SERVICE**

I certify that, on March 6, 2025, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ *Sean M. Sullivan*
Sean M. Sullivan