**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOSUE JOSEPH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IGN ENTERTAINMENT, INC.,<br><br>Defendant. | Civil Action No. 1:24-cv-11579-MJJ<br><br>Hon. Myoung J. Joun |

**DEFENDANT IGN ENTERTAINMENT, INC.'S**
**RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant IGN Entertainment, Inc. ("IGN") respectfully submits this Response to Plaintiff Josue Joseph ("Plaintiff")'s Notice of Supplemental Authority regarding the pending Motion to Dismiss the First Amended Complaint. ECF No. 43. The notice refers to the Seventh Circuit's recent ruling in *Gardner v. Me-TV Nat'l Ltd. P'ship*, No. 24-1290, 2025 WL 942835 (7th Cir. Mar. 28, 2025). *Gardner* is not controlling here and cannot be squared with *Yershov v. Gannett Satellite Information Network, Inc.*, which is binding authority in the First Circuit. 820 F.3d 482 (1st Cir. 2016). In *Yershov*, the court found that the plaintiff adequately alleged he was a "subscriber" within the meaning of the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA") where, in order to view the defendant's video content, he was required to download a mobile application *and* "provide [defendant] with personal information . . . *at the time he viewed a video.*" *Id.* at 489 (emphasis added). According to the court, "access [to video content] was not free of a commitment to provide consideration in the form of that information," and was instead offered "in return for" the plaintiff's personal information including email address and geolocation. *Id.* In *Gardner*, by contrast, the Seventh Circuit interpreted the term "subscriber" more broadly. While observing that

"[a]nyone can watch videos on the web site without supplying information (other than an IP address)," the court nevertheless found the requirement satisfied where the plaintiff voluntarily subscribed to the defendant's newsletter. Here, Plaintiff does not allege that he was required to provide personal information in exchange for access to video content. There is thus no reason for the Court to consider *Gardner* in its ruling on IGN's Motion to Dismiss.

April 7, 2025

Respectfully submitted,

By: *s/ Roy W. Bjorlin*

Roy W. Bjorlin (BBO #666319)
roy.bjorlin@wilsonelser.com
WILSON ELSER
260 Franklin Street, 14th Floor
Boston, MA 02110
Telephone: (617) 422-5300

Lauren J. Tsuji (*Pro Hac Vice Forthcoming*)
LTsuji@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

James G. Snell (*Pro Hac Vice Forthcoming*)
JSnell@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, California 94304
Telephone: 650.838.4300
Facsimile: 650.838.4350

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also hereby certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ *Roy W. Bjorlin*
Roy W. Bjorlin